## YOUNG *v.* YOUNG.

DIVORCE—MAINTENANCE OF CHILDREN—MODIFICATION OF DECREE.
   Where a husband worth from $100,000 to $150,000 was granted a divorce from his wife, and the custody of the four children awarded to her, with an allowance of $7.50 a week for the maintenance of each child, the decree will be modified, on appeal, fixing the amount at $10 a week for each child, since she relieves him of something besides mere maintenance.

Appeal from Berrien; White, J. Submitted April 30, 1919. (Docket No. 103.) Decided May 29, 1919.

Bill by Dorothy C. Young against Charles L. Young for a divorce. Defendant filed a cross-bill asking for a divorce. From a decree for defendant, plaintiff appeals. Modified, and affirmed.

*Thomas J. Cavanaugh* (*Cady & Andrews*, of counsel), for plaintiff.

*Gore & Harvey*, for defendant.

OSTRANDER, J. The parties to this suit were married September 2, 1902, when plaintiff was 25 years old and defendant some 12 years her senior. They lived and cohabited as husband and wife until October, 1916, and four children, two boys and two girls, the fruit of the marriage, are living. The oldest child is now about 15 years of age, the youngest 10 years old. They lived in more than comfort, the defendant being manager and largely owner of a considerable department store in Benton Harbor and owning considerable other property. April 3, 1917, plaintiff filed her bill for a divorce, and May 15, 1917, her amended bill. She charged, and charges, defendant with extreme and repeated acts of cruelty, with being cold and without affection for her, unable to appreciate love and affection, with fault-finding, with refusing her a trained nurse at the time of her first confinement, with refusing to provide domestic help during various periods. She charges that upon an occasion in January, 1915, when she had gone to Chicago to meet her brother, he telephoned and wrote to her to remain there and not again to come home, that she immediately returned, was received with abuse and a charge that she had gone to Chicago with a certain physician and with being intimate with said physician, accused of being insane and "a snake," and called obscene, profane and opprobrious names. Defendant, she charges, told various people that she was consorting with the said physician, and because of his insane and jealous disposition had her watched by an employee who, with defendant, spread scandalous reports and rumors about her. The 15th paragraph of the bill is here set out:

"15th. The plaintiff further says that now for a period of nearly six months as aforesaid she has been living in the same house with the defendant, but not as husband and wife, and that during the past ten

weeks she has had a most miserable existence and life is almost unbearable because of the many wanton, cruel and inhuman acts of the defendant toward her as aforesaid."

Setting up that defendant is reported to be worth from $100,000 to $150,000, she alleges fear that he will, as he has threatened to do, dispose of his property so as to prevent her from obtaining alimony therefrom. She prays for a divorce, alimony and custody of the children, and incidentally for an order restraining him from disposing of his personal and real property.

Defendant answered the bill and filed a cross-bill. This in May, 1917. It appears that in July, 1917, an order was made authorizing defendant's withdrawal of his answer and cross-bill, and on the same day another answer and cross-bill was filed.

A final decree was made July 21, 1917, in which it is recited that it appears to the court that the material facts charged in defendant's cross-bill are true and that plaintiff has been guilty of the several acts of cruelty and neglect therein charged. By this decree the marriage is dissolved, custody of the three younger children given to defendant, custody of the oldest boy given to the mother. A provision appears for the support of the oldest boy. The decree concludes:

"The property rights of the parties having heretofore been fully settled and adjusted between them, in consideration of such settlement and fifty ($50) dollars paid by the defendant to the plaintiff, the receipt whereof is hereby acknowledged, it is ordered, adjudged and decreed that such payment and settlement hereby is decreed and declared to be in lieu of any dower interest or any statutory interest that the plaintiff now has in any property, real, personal or mixed, of the said defendant, or in any property that said defendant may hereafter acquire.

"The defendant shall pay to plaintiff's attorneys the sum of three hundred ($300) dollars."

This decree was made by Judge Bridgman. In November, 1917, a petition was filed by plaintiff to set aside and modify the decree. In December it was set aside. January 25, 1918, defendant filed his answer and cross-bill. Plaintiff answered the cross-bill February 28, 1918. We are not advised in what particulars the answer and cross-bill of defendant last filed differs from the previous pleadings. In the record now before us, defendant's answer denies the causes for divorce charged in the bill, and his cross-bill sets up various grounds for divorce because of the misconduct of plaintiff, he expressly charging therein that plaintiff had become infatuated with one Dr. C. M. Ryno, of Benton Harbor, causing by her conduct public scandal, and specifically charging that on April 29, 1917, she and said Ryno occupied the same room at a hotel in Michigan City, Indiana, being registered there as "Mr. and Mrs. Emmet Crowe, Kazoo," remaining in said room until the morning of April 30th. Generally, he charges that upon other occasions plaintiff and the doctor had illicit relations. He prays for a divorce and for the custody of his children. The cross-bill was answered, and in her answer plaintiff denies the charges made against her in the cross-bill. The pleadings register the lack of affection these parties now have for each other and a hopeless domestic situation. They register, also, as some of the testimony does also, a sexual mismating and an incompatibility which it is deplorable they did not discover before marriage.

The cause came on for hearing in open court before Judge White in the Berrien circuit court. The settled case contains the substance of all evidence adduced at the hearing. The decree, entered August 12, 1918, divorces the parties, gives the children into the custody of plaintiff until each is 16 years of age, makes

206—Mich.—17.

provision for their support by the defendant, but contains the finding that the charges in the bill are not true and the material facts charged in the cross-bill of defendant are true and that plaintiff has been guilty of the several acts of neglect, adultery and gross misconduct charged in the cross-bill.

It will profit no one to set out and analyze the testimony. The record has been read and considered with care and perhaps with some desire to find reason for exonerating this wife and mother, now past middle age, from the charges made against her. It ought to be stated that the testimony makes her out a good mother, so far as personal intercourse with and care of her children are concerned. Their affection for her is undoubted. But we are compelled to say that the weight of evidence sustains the conclusions of the court below which we feel constrained to approve, save only in respect to the sum to be paid by defendant for the maintenance of the children. The decree provides that he shall pay the plaintiff seven and a half dollars a week for each child, which is equal to about fifteen hundred dollars a year. This for "the support, maintenance and education" of the children. This sum may be sufficient to maintain them in a proper manner, but, while plaintiff professes herself to be willing and anxious to have her children, she nevertheless, under the decree, relieves defendant of something besides mere maintenance. We are impressed that the defendant should pay a greater sum, and, affirming the decree in every other respect, we modify it only by fixing the amount to be paid by defendant as ten dollars a week for each child, instead of seven dollars and a half.

No costs of this appeal are awarded to either party.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.